IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

JOIEL DAWKINS,

    PLAINTIFF,

V.                                        CIVIL ACTION NO.

CRACKER BARREL
OLD COUNTRY STORE, INC.,

    DEFENDANT.                    JURY TRIAL DEMANDED

## COMPLAINT

**I.   JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq.* This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq.* (Title VII). The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII and provide for injunctive and other relief against sex discrimination.

    2.    Plaintiff timely her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3. Plaintiff, JOIEL DAWKINS, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Birmingham, Jefferson County, Alabama. Plaintiff was formerly employed by Defendant.

4. Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., (hereinafter "Defendant") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF THE FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Plaintiff is a female.

7. Defendant hired Plaintiff on or about April 2, 2013.

8. Defendant employed Plaintiff as "cashier/skill trainer."

9. Defendant terminated Plaintiff's employment on March 4, 2016.

10. Defendant terminated Plaintiff's employment by stating that she violated its asset protection policy.

11. Defendant employed Ingrid Addison.

12. Addison served as Plaintiff's supervisor.

13. Addison accused Plaintiff of placing a to-go order, and then entered in another employee's discount code to receive a 50% discount.

14. Defendant's accusation was not true as Plaintiff received no discount whatsoever.

15. Defendant accused Plaintiff of using an employee's discount number for an employee that Plaintiff had not worked with in over six months.

16. The day prior to Plaintiff's termination, Addison informed Plaintiff that a male, Kerry Young, who worked the exact same position as Plaintiff, used Addison's employee' number to receive a discount that he was not entitled to receive and in a way, that violated Defendant's asset protection policy.

17. Addison did not terminate or discipline Young in any form or fashion.

## IV. COUNT ONE – Title VII – Sex - Termination.

18. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 17 above.

19. Plaintiff is a female.

20. Defendant hired Plaintiff on or about April 2, 2013.

21. Defendant employed Plaintiff as "cashier/skill trainer."

22. Defendant terminated Plaintiff's employment on March 4, 2016.

23. Defendant's stated reason for termination that Plaintiff violated its asset

3

protection policy was not true.

24. Defendant did not terminate a male employee, Kerry Young, for a violation of its asset protection policy

25. In violation of Title VII, Defendant's decision to terminate Plaintiff, a female, and to not terminate Young, a male, for the nearly identical violation of the same policy was motivated in whole or part because of Plaintiff's sex, female.

26. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII.

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII.

C. Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory damages, punitive

damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

    D.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:
Cracker Barrel Old Country Store, Inc.
c/o CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

5